UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD MOSES,

        Plaintiff,

                                    Civil Action 2:15-cv-2853
    v.                             Judge George C. Smith
                                      Magistrate Judge Elizabeth P. Deavers

EXTENDICARE HEALTH SERVICES,
INC., et al.,

        Defendants.

ORDER and
REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion to Remand and
Memorandum in Support (ECF Nos. 6 & 7), Defendants' Response in Opposition (ECF No. 10),
Plaintiff's Motion for Leave to Amend/Correct Complaint (ECF No. 14), and Defendants'
Response in Opposition (ECF No. 15).  For the reasons that follow, Plaintiff's Motion to Amend
is **DENIED**.  Furthermore, it is **RECOMMENDED** that Plaintiff's Motion to Remand be
**DENIED**.

## I.

Plaintiff, a citizen of Ohio, filed his original Complaint in the Delaware County, Ohio,
Court of Common Pleas on August 20, 2015 against Defendant Extendicare Health Services,
Inc., a corporation incorporated under the laws of Delaware with its principal place of business
in Wisconsin, Delaware Care, LLC, an Ohio Limited Liability Company, and Prostep, Inc.,
asserting employment discrimination under Ohio law.  (ECF No. 3 at 1.)  Three days later, on

August 23, 2015, Defendants filed their Notice of Removal in this Court.  (ECF No. 1.)  On

September 25, 2015 Plaintiff filed his Motion to Remand.  (ECF No. 6.)

On November 9, 2015 Plaintiff moved this Court for leave to amend his complaint in

order to add seven new defendants, including Edward Fox, Renee Forrester, and Diane Stewart,

all non-diverse, asserting employment discrimination under the same Ohio statute as his original

Complaint.  (ECF No. 14 at 2, 4-5.)  In his Motion to Amend, Plaintiff also sought to dismiss

Defendant ProStep, Inc. and to add Progressive Step Corporation; and to name the new owners

of the facility where he works.

## II. Standard of Review

Generally, a civil case brought in a state court may be removed by a defendant to federal

court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart

Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  A federal court has original "diversity"

jurisdiction where the suit is between citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of costs and interests.  28 U.S.C. § 1332(a).  *Rogers*, 239 F.3d at

871.

When an action is removed based on diversity, a federal court must determine whether

complete diversity exists at the time of removal.  *Coyne v. American Tobacco Co.*, 183 F.3d 488,

492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the

litigation are of a different citizenship from all parties on the other side of the litigation."  *Id.*

(quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

"If after removal, the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the

action to the State court." 28 U.S.C. § 1447(e). "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable." *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008). Although the Sixth Circuit has issued little guidance regarding § 1447(e), the cases generally agree that courts should consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors. *See id.* (collecting cases). Of the relevant factors, the first appears to be of paramount importance. *Id.* (citing *J. Lewis Cooper Co. v. Diageo N. Am., Inc.*, 370 F.Supp. 2d 613, 618 (E.D. Mich. 2005) ("These factors [. . .] are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."); *Roberts v. Standard Ins. Co.*, No. 04 C 2027, 2004 WL 2367741, at *5 (N.D. Ill. Oct. 15, 2004) ("The motive of the party seeking to amend a complaint is considered to be the most important factor [. . .]."); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 723 (E.D. Mich. 1983) ("In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to amend.")). The four factor analysis is designed to aid a court in determining whether a motion to amend has been filed for an improper purpose. *J. Lewis Cooper*, 370 F.Supp. 2d at 618.

### III. Analysis

**A. Plaintiff's Motion to Remand**

Plaintiff questions whether the Court may exercise diversity jurisdiction over this case upon two grounds. Plaintiff first argues that there has never been complete diversity of parties in

this case. (ECF No. 7 at 1.) Plaintiff second asserts that the amount in controversy does not exceed the requisite jurisdictional amount. (*Id*. at 1-2.)

### 1. Diversity of Parties

Plaintiff alleges a lack of complete diversity at the time of removal because, according to his Motion, Defendant Delaware Care, LLC is a citizen of Ohio for diversity purposes. (*Id*. at 4-8). Defendants counter that Delaware Care, LLC is a citizen of Delaware and Wisconsin for purposes of diversity because its only member, Northern Health Facilities, Inc., is a corporation incorporated under the laws of Delaware with its principal place of business in Wisconsin. (ECF No. 10 at 7-8.) For purposes of determining diversity jurisdiction, a limited liability company has the citizenship of each of its members. *Delay v. Rosenthal Collins Group, Inc.*, 585 F.3d 1003, 1005 (6th Cir. 2006). Defendant Delaware Care, LLC, therefore, has the same citizenship as its only member, Northern Health Facilities, Inc. Because a corporation, for diversity purposes, is considered a citizen of both its state of incorporation and the state in which it has its principal place of business, Defendant Delaware Care, LLC is a citizen of both Delaware and Wisconsin. 28 U.S.C. § 1332(c)(1). Accordingly, the Undersigned finds that complete diversity of parties exists in this matter as required by 28 U.S.C. § 1332(a).

### 2. Amount in Controversy

Plaintiff next argues that the amount in controversy does not exceed the jurisdictional amount. According to Plaintiff, "[i]t is plain to any experienced employment litigator . . . that [Plaintiff's] claims are not worth $75,000 in damages." (ECF No. 7 at 4.) Defendants respond that, given Plaintiff's open-ended damages claims, Ohio law permits recovery in excess of the jurisdictional amount. (ECRF No. 10 at 5.) In his state court Complaint, Plaintiff "seeks back

4

pay and benefits, front pay and benefits, in an amount to be determined at trial, compensatory

damages, liquidated damages, punitive damages . . ., [and] attorneys' fees.  (ECF No. 3 at 1.)

Under Ohio law, Plaintiff may be entitled to punitive damages of up to "two times the

amount of the compensatory damages awarded to the plaintiff from that defendant."

Ohio Rev. Code Ann. § 2315.21(D)(2)(a) (West 2015); *see Arbino v. Johnson & Johnson*, 2007-

Ohio-6948, ¶ 86, 116 Ohio St. 3d 468, 486 (Ohio 2007).  A compensatory award of less than

$25,000, when coupled with full punitive damages and attorney fees, therefore, could exceed the

jurisdictional amount.  Accordingly, the Court finds that the amount in controversy requirement

is satisfied as required by 28 U.S.C. § 1332(a). [1]

**B. Plaintiffs' Motion to Amend**

**1. Proposed Defendants Fox, Forrester, and Stewart.**

Plaintiff seeks to amend his complaint, post-removal, in order to add, among others,

Defendants Edward Fox, Renee Forrester, and Diane Stewart, all non-diverse defendants, as

parties.  (ECF No. 14 at 2.)  Plaintiff argues that this Court should grant his motion based on

Federal Rule of Civil Procedure 15(a)(2), pursuant to which leave to amend is ordinarily "freely

given."  *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d

828, 834 (6th Cir. 1999).  Under Rule 15(a)(2), however, amendments that would deprive the

Court of jurisdiction are evaluated under the doctrine of fraudulent joinder.  *Jerome-Duncan, Inc.*

*v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  "Under the doctrine of fraudulent

---

[1] The Court acknowledges the parties' debate about whether Plaintiff would stipulate that his damages are less than the $75,000 jurisdictional threshold.  Nevertheless, the Court declines to engage in this analysis because it is unnecessary to dispose of this argument.

joinder, the inquiry is whether [Plaintiffs] had at least a colorable cause of action against [Defendant] in the . . . state courts." *Id.*

Defendants counter that Plaintiffs' motion should be denied based on 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the state court." The statute "enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties after removal." *Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No. CIV.A. 08-475-C, 2009 WL 700056 at *2 (W.D. Ky. Mar. 13, 2009). The Court finds that Plaintiff's motion is subject to § 1447(e) analysis because granting leave to add claims against proposed Defendants Fox, Forrester, and Stewart in this action would deprive the Court of its federal diversity jurisdiction over this matter.

In applying § 1447(e), courts in the Sixth Circuit consider, as previously set forth, whether the purpose of the amendment is to defeat federal jurisdiction, dilatoriness, prejudice, and any other equitable factors. *See City of Cleveland*, 571 F.Supp. 2d at 823 (collecting cases).

In the instant case, Plaintiffs sought leave to add the three proposed Defendants, all non-diverse parties, on November 9, 2015. (ECF No. 14.) Plaintiff's Motion was filed nearly three months after he initiated this action in state court. As Plaintiff maintains in his proposed amended complaint, the proposed Defendants "have remained at Arbors at Delaware as Plaintiff's supervisors throughout his employment." (*Id*. at 5.) No discovery has occurred in this case. Plaintiff's knowledge of the facts underlying his claims against the proposed Defendants, therefore, arose before the outset of this suit from their daily interactions in the workplace.

6

Despite facing few, if any, obstacles to pleading his claims against the proposed Defendants when he commenced this action in state court, Plaintiff moved to add these non-diverse defendants only after removal to federal court.

In applying the appropriate factors, the Court finds that Plaintiff has been dilatory in filing his claims against Defendants Fox, Forrester, and Stewart.  The extent of Plaintiff's daily interactions with the proposed Defendants, his failure to include them as parties to his original state court suit, the timing of his amendment following removal to this Court, and an attempt to remand suggest that Plaintiff's intent in amending is not to pursue his stated claims against Defendants Fox, Forrester, and Stewart.  The Court finds, rather, that Plaintiff seeks to add Defendants Fox, Forrester, and Stewart primarily for the purpose of depriving the Court of federal diversity jurisdiction over this matter.

## IV.

In sum, Defendants properly removed this matter to federal court under 28 U.S.C. § 1441(a) based on federal diversity jurisdiction granted in 28 U.S.C. § 1332(a)(1).  The Undersigned finds that Plaintiff seeks leave to amend his Complaint primarily for the purpose of depriving the Court of federal diversity jurisdiction over this matter.  Accordingly, for the reasons explained above, Plaintiff's Motion to Amend is **DENIED**.  (ECF No. 14.)  Nothing in this Order, however, shall be construed to foreclose a future amendment, upon proper motion, of Plaintiff's Complaint to include additional claims against non-diverse parties.  Furthermore, the Undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.  (ECF No. 6.)

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it

may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: December 22, 2015             ____ */s/ Elizabeth A. Preston Deavers*
                                              ELIZABETH A. PRESTON DEAVERS
                                            UNITED STATES MAGISTRATE JUDGE